STATE OF NORTH CAROLINA v. BERNARD BENJAMIN GODWIN, JR.

No. 6918SC482

(Filed 17 December 1969)

Criminal Law § 23— voluntariness of guilty plea — admission of defendant's prior record

    There is no merit to defendant's contention that his plea of guilty was coerced in that, during the course of his examination in the absence of the jury upon the admissibility of his statements to the arresting officer, he had testified that he had been previously arrested and sent to training school, which testimony led defendant to believe that his prior record would be placed before the jury if the trial continued, since defendant was represented by competent counsel who could have advised him that his record could not be inquired into in the presence of the jury.

APPEAL by defendant from *Fountain, J.,* 2 June 1969 Session, GUILFORD Superior Court.

Defendant was charged in a bill of indictment, proper in form, with felonious breaking and entering, and with felonious larceny.

STATE *v.* GODWIN

He entered a plea of not guilty to the charges and the State offered its evidence. After a *voir dire* examination of the investigating officer and the defendant to determine the voluntariness of statements made by defendant to the officer, the trial judge made appropriate findings and ruled that the statements would be received in evidence.

Immediately after the trial judge entered his findings and ruling upon the admissibility of defendant's statements, defendant's counsel made the following statement to the judge: "Your Honor, the defendant has informed me that he feels — he says that he knows he is guilty and he desires to enter a plea of guilty. However, I would like the record to show he has indicated this to me on several previous occasions and then changed his mind; therefore, I would like to move the court and ask the court to inquire as to whether he voluntarily wants to enter the plea of guilty to the charge." Counsel also stated to the court that he advised defendant to plead guilty.

The trial judge then interrogated defendant as to whether he understood the effects of a plea of guilty and whether he was voluntarily entering a plea of guilty. The judge then adjudicated that the plea of guilty to the two felony charges was freely, voluntarily and understandingly made, and ordered that the plea of guilty to the two felony charges be entered in the record. An active sentence of twelve months was imposed and commitment was issued.

Seven days after trial, defendant wrote a letter to the Clerk of Superior Court advising that he wished to appeal. This letter was received on the tenth day after trial and the appeal was duly noted. Mr. Wallace C. Harrelson was appointed to represent defendant on his trial, and did so represent him. However, for reasons not disclosed by the record, Judge Gambill appointed Mr. William E. Comer to represent defendant upon his appeal.

*Robert Morgan, Attorney General, by R. S. Weathers, Staff Attorney, for the State.*

*William E. Comer for the defendant.*

BROCK, J.

Defendant assigns as error that the trial judge admitted evidence concerning defendant's juvenile record.

During the course of the examination of the defendant, in the absence of the jury, upon the question of the admissibility of statements made by defendant to the arresting officer, defendant indicated

that he had been arrested before this occasion. In response to the judge's question as to what the other arrests were for, defendant replied: "I have been in Training School before. I had stolen a motor bike of some sort — it was a pedal bike or bicycle — before that."

Defendant contends that this answer having been elicited from him entitles him to a new trial because it coerced him into pleading guilty. Although the answer was given in the absence of the jury defendant argues that the inquiry led him to believe that his juvenile record would be placed before the jury if his trial continued. We do not agree with this argument. Defendant had competent counsel representing him upon his trial who could have advised him that his juvenile record could not have been inquired into before the jury. Also, defendant's counsel had already advised him to plead guilty.

The trial judge was acting within his province when he asked defendant to clarify what defendant had indicated about previous arrests. Nothing improper in the inquiry by the judge nor the answer by defendant has been shown. Certainly defendant was aware of his juvenile record before he was placed upon trial for the present charges, and there is no reason to believe he was coerced into pleading guilty merely because he answered the judge's question. If defendant, in fact, thought his juvenile record would be placed before the jury, it was his knowledge of his record, not the judge's question, that made him so think.

Also, it clearly appears that defendant's cooperation and plea of guilty were much to his benefit, as he obviously had wished, because out of a possible maximum of twenty years imprisonment, he only received one year.

No error.

BRITT and VAUGHN, JJ., concur.